Eastern District of Kentucky
F I L E D
JUL 2 6 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-485-GWU

VERDA L. LEWIS,                          PLAINTIFF,

VS:            <u>MEMORANDUM OPINION</u>

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,         DEFENDANT,

## INTRODUCTION

Verda Lewis brought this action to obtain judicial review of an unfavorable administrative decision on her application for Disability Insurance Benefits and for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. <u>See</u> 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of

1

impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health

2

and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through

the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the

4

lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Lewis, a 47 year-old former cosmetologist, bakery line worker, forklift operator with a high school equivalent education, suffered from impairments related to sleep apnea, a depressive disorder, and an anxiety disorder. (Tr. 76, 79). Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of work at all exertional levels. (Tr. 83). Since the claimant's past bakery line work could still be performed, she could not be considered totally disabled. (Tr. 83).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

In determining that Lewis could return to her past bakery line work, the ALJ relied heavily upon the information provided by Vocational Expert Susan Kehoe. The hypothetical question presented to Kehoe included such non-

5

exertional restrictions as (1) a limitation to understanding, remembering and carrying out simple instructions and making decisions on simple work-related decisions, (2) a "moderate" limitation of ability to tolerate work place changes and pressures; (3) an inability to perform commercial driving and (4) a need to avoid exposure to hazardous equipment or moving machinery. (Tr. 855-856). Kehoe testified that the bakery line work could still be performed despite these limitations. (Tr. 856). Therefore, assuming that the vocational factors considered by Kehoe fairly depicted the plaintiff's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned can find no error. Dr. Tony Mancuso, an examining consultant, did not impose any physical restrictions on a Functional Capacities Form. (Tr. 580). More severe physical restrictions than those found by the ALJ were not identified by such treating and examining sources as the staff at St. Joseph Hospital (Tr. 177-179), Dr. Aqeel Mandviwala (Tr. 180-184), the staff at Marymount Medical Center (Tr. 195-212, 228-506, 583-613, 623-677), Dr. Ashu Joshi (Tr. 213-226), Dr. Dennis Ulrich (Tr. 507-509), the staff at Lexington Clinic (Tr. 510-532), and Dr. Alam Khan (Tr. 616-622, 678-684). Neither Dr. Humilidad Anzures (Tr. 533) nor Dr. David Swan (Tr. 534-535), the non-examining medical reviewers, thought that Lewis' physical problems were "severe." These reports provide substantial evidence to support the administrative decision.

Lewis asserts that her sleep apnea problem prevents her from sleeping at night with the result that she falls asleep during the day and that this problem had caused her originally to lose her job as a bakery line worker. As previously noted, no physician of record indicated that her sleep apnea problem would be totally disabling. The ALJ included the restrictions concerning exposure to

6

dangerous and moving machinery as well as the limitation relating to commercial driving specifically to accommodate the sleep apnea problem. The vocational expert reported that the past bakery line work could still be done. Since leaving the job, the claimant underwent surgery for nasal deviation which had helped her breathe better when asleep. (Tr. 841). Therefore, the ALJ dealt properly with the evidence regarding this impairment.

The hypothetical question also fairly depicted Lewis' mental condition. Dr. Kevin Eggerman examined the plaintiff and opined that she would be "mildly" limited in such areas as (1) understanding and remembering detailed instructions; (2) interacting appropriately with the general public, co-workers and supervisors; and (3) responding appropriately to work changes and pressures. (Tr. 193). The mental factors of the hypothetical question were essentially consistent with this opinion. Even if this was not the case, the claimant has presented no evidence suggesting that these "mild" mental restrictions would preclude performance of her past bakery line work. Therefore, Dr. Eggerman's report supports the administrative decision.

Psychologists Jay Athy (Tr. 536-537) and Ilze Sillers (Tr. 540-541), the non-examining medical reviewers, each identified a number "moderate" mental restrictions which the ALJ chose not to present to the vocational expert. The administrative regulations provide that "generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you." 20 C.F.R. Section 404.1527(d)(1). The ALJ could have relied upon Dr. Eggerman to support the administrative decision and, so, these limitations were not binding. Furthermore, even these "moderate" limitations would not necessarily have precluded the past bakery line work and the claimant offered no evidence on this issue. Therefore, the Court must reject the plaintiff's

7

argument.

The Court notes that Lewis submitted several additional medical records directly to the Appeals Council which were never seen by the ALJ. (Tr. 25-71, 719-824). This action raises an issue concerning a remand for the taking of new evidence before the Commissioner is presented. Cotton v. Sullivan, 2 F.3d 692 (6th Cir. 1993).

A court may order additional evidence be taken before the Commissioner, "...but only upon a showing that there is new evidence to be taken which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding..." 42 U.S.C. Section 405(g). In the present action, Lewis has adduced no arguments with regard to either requirement and, so, a remand of the for further consideration is not required.

After a review of the evidence presented, the undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 26 Day of July, 2006.

G. WIX UNTHANK
SENIOR JUDGE